UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――

BRIAN HAAG,

                Plaintiff,                  Case No. 1:11-cv-373

v.                                                  Honorable Janet T. Neff

RICK POWERS,

                Defendant.

_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff Brian Haag presently is incarcerated at the Chippewa Correctional Facility. He sues his defense attorney in the underlying criminal conviction, Ron Powers. Plaintiff contends that Defendant provided ineffective assistance of counsel when he failed to challenge the scoring of Offense Variable 19 of the Michigan Sentencing Guidelines.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street v. Corr. Corp. Of America*, 102 F.3d 810, 814 (6th Cir. 1996). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff cannot show that his defense attorney acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. Once a lawyer undertakes the

representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. Even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id.* The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See, e.g.*, *Bomer v, Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003); *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000). Accordingly, Plaintiff's defense attorney did not act under color of state law, and no claim under § 1983 can be maintained against him.

To the extent that Plaintiff asserts a claim of legal malpractice, his claim arises solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state-law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  May 20, 2011                /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge